UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>HORACE MANN INSURANCE COMPANY,<br><br>    Defendant. | No. 2:15-cv-02469-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Nicole Williams ("Williams") filed this suit against her insurer, Defendant Horace Mann Insurance Company ("HMIC"), alleging that it breached its obligations under her insurance policy by failing to pay her theft claim up to the maximum amount of available coverage. Federal jurisdiction is premised on diversity of citizenship between the parties.[1] Currently before this Court is HMIC's Motion to Dismiss without prejudice for lack of subject matter jurisdiction (ECF. No. 8), pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the Motion to Dismiss is GRANTED.

///

///

---

[1] While Plaintiff's Complaint includes a bare allegation of federal question jurisdiction under 28 U.S.C. § 1331, it contains no allegations specifying on what grounds any such federal questions exists.

1

# BACKGROUND

Williams filed for Chapter 7 bankruptcy protection on February 26, 2015. In March, as a part of her bankruptcy proceedings, Williams submitted documents that reported only $3,225.00 in personal property. Effective May 19, 2015, Williams purchased an insurance policy with HMIC which included personal property coverage of up of $23,300.00 for theft. On June 5, 2015, Williams filed a criminal report with the City of Manteca Police Department alleging her home was burglarized. She demanded a $23,500.00 payout from HMIC. HMIC refused on grounds that the representations Williams made in her bankruptcy case dictated otherwise.[2] Based on those representations, HMIC offered to pay only the $3,225.00 Williams had herself represented as the value of her personal property.

The instant lawsuit alleges that HMIC was contractually obligated to pay Williams the maximum amount of its available coverage. As indicated above, Williams invokes the diversity jurisdiction of this court on grounds that she is a citizen of the State of California and HMIC's business is located in the State of Illinois. According to the Complaint, Williams seeks to recover "the sum of $23,500.00." Pl.'s Compl. ¶ 16. Williams also argues that judicial estoppel should not operate to limit any recovery against her HMIC policy, and therefore preemptively attacks the validity of that defense as already raised by HMIC. The Complaint does not state the judicial estoppel can itself provide the basis for federal jurisdiction.

HMIC now requests, as indicated above, that Williams' case be dismissed due to lack of subject matter jurisdiction. HMIC alleges first and foremost that Williams has failed to allege $75,000.00 amount in controversy threshold for invoking diversity jurisdiction. HMIC further argues that judicial estoppel prevents Williams from

---

[2] It is undisputed that on July 8, 2015, Williams received her discharge from creditors after a "no asset" report was issued. From the time she filed her bankruptcy petition in March 2015 to the day she received her discharge, Williams never amended her schedule of assets, despite having had numerous chances to do so. See Decl. of Wilma Gray, ECF No. 8-2, Exh. F, pp. 18-23.

recovering, in any event, more than the amount she claimed her personal property was worth in bankruptcy.   In opposing HMIC's Motion, Williams completely fails to respond to the argument that she fails to meet the amount in controversy requirement that must be met, stating only that this Court "has subject matter jurisdiction…. to determine whether federal bankruptcy schedules can be used as judicial estoppel in a later civil proceeding…" Pl.'s Opp., ECF No. 9-1, 1: 21-23.

## STANDARD

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden of establishing the contrary rests upon the party asserting jurisdiction. Id.  Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002).  Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009).  Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).  Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  Thus, a party may either make an attack on the

---

[4] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

3

allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id. However, in the case of a facial attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733. If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

It is undisputed that Williams is a citizen of California and HMIC is a citizen of Illinois. To satisfy jurisdiction based on diversity of citizenship, the amount in controversy here must exceed the sum of $75,000. See 28 U.S.C. § 1332. If the amount is unclear, the party invoking jurisdiction must demonstrate, by a preponderance of the evidence, that the jurisdictional threshold is in fact met. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1118 (9th Cir. 2004) (citing Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)); see Gaus v. Miles Inc., 980 F.2d 564, 567 (holding the plaintiff's conclusory request for the jurisdictional requirement was insufficient because he plaintiff "offered no facts whatsoever to support" the court's jurisdiction). If it appears with "legal certainty" that the amount in controversy is less than $75,000.00, the

court must dismiss the claim.  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

Here, Williams seeks to recover $23,500.00, in addition to attorney fees.  Pl.'s Compl., ¶ 15.  Nowhere else in the complaint does Williams make any further monetary demand from HMIC.  In its motion, HMIC states the amount in controversy as alleged by Williams "leave[s] little doubt that it is more than $50,000.00 below the $75,000.01 jurisdictional minimum."  Def.'s Mot., ECF No. 8-1, pp. 21-23.  Because it is facially apparent from the Complaint that the amount in controversy appears to be less than $75,000.00, Williams has the burden of demonstrating otherwise.  See Valdez, 372 F.3d at 1118.  Although Williams is therefore permitted to identify additional evidence showing that the amount in controversy is indeed present, the additional documents she has submitted fail to make any such showing.

Specifically, Williams attaches six exhibits in reply to HMIC's Motion, but only three even potentially respond to HMIC's principal argument.  See Decl. of Mark Hannon, ECF No. 9-2 (herein Decl.).  First, Williams attaches an inventory sheet sent to HMIC requesting an insurance payout for the burglary.  The inventory sheet includes items that were stolen, including televisions, video games, designer clothing, sneakers, jewelry, sound systems, vehicle parts and cash.  When added together, those items total some $47,451.00.  Id. at Exh. C, pp. 8-15.  As indicated above, however, the insurance coverage available for Williams' personal property loss was only $23,300.00.  Id. at Ex. D, p. 17.  Because Williams is essentially suing HMIC for a breach of contract in failing to abide by the terms of its policy of insurance, her recoverable damages are limited to the $23,300.00 amount she expected to recover in accordance with the policy.  The $24,151.00 difference between the value she placed on her stolen personal property and the available insurance coverage is therefore irrelevant for the purposes of determining the amount in controversy.

Second, Williams points out that her personal property coverage included both a living expenses and a personal liability component.  Id. at Ex. D, p. 17.  The coverage for

1  "Additional Living Expense and Loss of Rent" was $4,660.00, but "Personal Liability"
2  covered to $500,000. Id. Williams does not allege, however, that HMIC failed to pay out
3  either of those coverages.

4  The "Additional Living Expenses and Loss of Rent" coverage will pay for
5  individuals' "necessary and reasonable increase in living costs [] incur[red] to maintain
6  the normal standard of living." Id. at Ex. D, p. 36. Williams does not claim she was
7  required to live elsewhere as a result of the burglary and there is no evidence she
8  submitted any claim for such expenses. This is not surprising since her third exhibit, the
9  police report, confirms that her home was not badly damaged. See Dec., Dkt. 9-2,
10 Exh. E, 74 ("There was a large concrete cinder block that had been thrown through the
11 window from William's [sic] back yard. The blinds were disturbed, as if someone had
12 climbed through the broken window.").

13 Additionally, with regard to "Personal Liability" coverage, that coverage inures to
14 sums "an insured is liable by law because of bodily injury or property damage caused by
15 an occurrence to which this coverage applies." Id. at Ex. D, pp. 41-42. This type of
16 coverage would be relevant if someone were injured while Williams' home was being
17 burglarized. Once again, Williams does not allege any such damage, she did file a claim
18 for the coverage with HMIC, and the police report contains no indication that any such
19 injury or damage occurred. After reviewing all the evidence in a light most favorable to
20 Williams, the court concludes, to a "legal certainty," that the amount in controversy is
21 less than the $75,000 threshold needed to invoke diversity jurisdiction. See St. Paul
22 Mercury Indem. Co., 303 U.S. at 289. Consequently, Williams' claim must be dismissed.
23 See id.; Fed. R. Civ. P. 12(h)(3).

24 Finally, with regard to HMIC's judicial estoppel argument, Williams appears to
25 contend that resolution of that argument presents a federal question that must be
26 answered by this Court. The Court disagrees. As a court of limited jurisdiction, this
27 Court must first determine whether any jurisdiction to hear Williams' Complaint in the first
28 place. There is no such jurisdictional basis. Without the requisite amount in

7

controversy, diversity jurisdiction is absent, and that is the only basis for federal jurisdiction identified by Williams.  Williams has provided no relevant authority that the judicial estoppel theory advanced by HMIC in itself presents a federal question sufficient to invoke the jurisdiction of this Court, and the Court is aware of no such precedent.

In support of her apparent argument that judicial estoppel alone is enough to invoke federal subject matter jurisdiction, Williams cites a single district court case from Michigan, Pavelka v. Allstate Property and Cas. Ins. Co., 91 F. Supp. 3d 931 (E.D. Mich. 2015).  That case, however, is clearly distinguishable from the case at bar.  In Pavelka, diversity jurisdiction was already present because the amount in controversy sought by plaintiff there was between $254,618.00 and $212,853.00, well above the $75,000.00 jurisdictional threshold.  Id. at 933.  Although judicial estoppel later became relevant to the Pavelka court's analysis, it did not, as Williams appears to suggest, confer subject matter jurisdiction.  In this case diversity jurisdiction is the only stated basis for this Court's jurisdiction, and Williams simply fails to meet the $75,000.00 amount in controversy requirement for such jurisdiction.  Without jurisdiction, this Court cannot determine whether judicial estoppel does or does not apply.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Dismissal for a Lack of Subject Matter Jurisdiction (ECF No. 8) is GRANTED.  Because any further amendment would be futile, no leave to amend will be permitted.  The Court's dismissal is nonetheless without prejudice to Plaintiff's ability to pursue this matter in another forum should she choose to do so.

IT IS SO ORDERED.

Dated:  June 20, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE